UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALVIN MCCANN,                    :    Civ. Action No.  07-0052 (NLH)
et al.,                          :
        Plaintiffs,              :
                                 :
             v.                  :    **OPINION**
                                 :
WINSLOW TOWNSHIP, and            :
WINSLOW TOWNSHIP POLICE          :
DEPARTMENT,                      :
        Defendants.              :

**APPEARANCES:**

Alvin McCann
Vanessa McCann
Jonah Davis
Alvin Bethune
Danita Green
Jazmin Jones

   *All six plaintiffs are appearing pro se*

Michael O. Kassak, Esquire
David M. Ragonese, Esquire
White & Williams
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002-2220

   *On behalf of defendants*

**HILLMAN**, District Judge

   This matter has come before the Court on defendants' motion for partial judgment on the pleadings pursuant to Federal Civil Procedure Rule 12(c).

   Six plaintiffs, all proceeding *pro se*, have filed a complaint against defendants, Winslow Township Police Department and Winslow Township, alleging various constitutional violations,

including claims of unconstitutional searches and seizures, as well as violations of the plaintiffs' equal protection rights. Plaintiffs have brought their claims pursuant to, *inter alia*, 42 U.S.C. § 1983, and they are seeking $350 million dollars in damages. Plaintiffs are also seeking to have their case certified as a class action.

Defendants answered plaintiffs' complaint, and they now seek partial judgment in their favor pursuant to Federal Civil Procedure Rule 12(c), which provides that after the pleadings are closed, any party may move for judgment on the pleadings. Defendant Winslow Township Police Department seeks the dismissal of all claims against it because it is not a proper party. Defendant Winslow Township seeks to have the plaintiffs' punitive damages claim against it dismissed because punitive damages are unavailable against a municipality. Plaintiffs have not opposed defendants' motion.

With regard to the argument that the police department must be dismissed, defendants are correct. A municipality and its police department are a single entity for the purposes of § 1983 liability. Boneberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997). Plaintiffs have asserted the same claims against both the Winslow Township Police Department and the municipality itself. Thus, because claims against a police department are

actually claims against the municipality, plaintiffs' claims against the police department must be dismissed.

With regard to defendants' argument that plaintiffs' punitive damages claim must be dismissed, defendants are also correct. It is well-established that municipalities, and more broadly, state and local governments entities, are immune from punitive damages under § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Doe v. County of Centre, Pa, 242 F.3d 437, 455 (3d Cir. 2001). Thus, plaintiffs' claim for punitive damages against Winslow Township must be dismissed as well.

An appropriate Order will be entered.


Dated: November 7, 2007                s/ Noel L. Hillman

At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.