UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY

ALVIN MCCANN,                     :   Civ. Action No.  07-0052 (NLH)
et al.,                           :
        Plaintiffs,               :
                                  :
           v.                     :   **OPINION**
                                  :
WINSLOW TOWNSHIP,                 :
        Defendant.                :

**APPEARANCES:**

Alvin McCann
Vanessa McCann
Jonah Davis
Alvin Bethune
Danita Green
Jazmin Jones

   *All six plaintiffs are appearing pro se*

Michael O. Kassak, Esquire
David M. Ragonese, Esquire
White & Williams
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002-2220

   *On behalf of defendants*

**HILLMAN**, District Judge

   This matter has come before the Court on defendant's motion to dismiss the claims of Jonah Davis for lack of prosecution pursuant to Federal Civil Procedure Rule 41(b).  Defendant has asked in the alternative for an order compelling plaintiff to show cause why his claim should not be dismissed.  Defendant has

also asked for sanctions pursuant to Federal Civil Procedure Rule 16(f).

Six plaintiffs, all proceeding *pro se*, filed a complaint against defendant Winslow Township alleging various constitutional violations, including claims of unconstitutional searches and seizures, as well as violations of the plaintiffs' equal protection rights.  Plaintiffs have brought their claims pursuant to, *inter alia*, 42 U.S.C. § 1983, and they are seeking $350 million dollars in damages.  Plaintiffs are also seeking to have their case certified as a class action.[1]

By its instant motion, defendant is seeking to dismiss the claims of plaintiff Jonah Davis because he has failed to appear for two depositions, one which was court-ordered.  On the first occasion, Davis had received written notice of the deposition to be conducted on November 27, 2007, but he failed to advise defendant that he would, or would not, attend.  Defendant then moved before the Court to compel the deposition of Davis.  The Court granted this motion, and defendant served upon Davis the Court's Order.  Defendant also served Davis with a second written notice of its intention to take his deposition on February 20, 2008.  On February 14, 2008, defendant was contacted by a

---

[1] Because plaintiffs have brought claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

representative of Davis who asked defendant to adjourn the deposition until February 29, 2008, when Davis was to be released from the Camden County Correctional Facility.  Defendant granted that request and served Davis with another notice of deposition, which was to be held on March 12, 2008.  Davis failed to appear, and he did not advise defendant that he could not attend.

Since the time a representative of Davis contacted defendant, defendant has not heard from Davis.  Davis has not filed an opposition to defendant's instant motion.

Federal Civil Procedure Rule 41(b) provides,

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

When deciding whether to dismiss an action for failure to prosecute, the Third Circuit has established a list of factors for a court to consider:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than

>    dismissal, which entails an analysis of alternative sanctions; and
>    (6) the meritoriousness of the claim or defense.

<u>Poulis v. State Farm Fire & Casualty</u>, 747 F.2d 862, 868-69 (3d Cir. 1984). These guidelines, however, "[do] not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992).

With regard to other sanctions for a party's lack of participation in the litigation process, the Federal Rules authorize a district court to sanction a party that fails to comply with a court order. <u>See</u> Fed. R. Civ. P. 16(f) and 37(b)(2). District courts have the inherent authority to control the conduct of those who appear before it. <u>See</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43 (1991). The ultimate sanction, however, is the dismissal of the plaintiff's case. <u>Hewlett v. Davis</u>, 844 F.2d 109, 114 (3d Cir. 1988) ("A district court has the authority to provide for the ultimate sanction of dismissal for noncompliance with local court rules.").

Even though it appears that Davis has abandoned his claims and he has chosen not to participate in his case, and even though it appears that several of the <u>Poulis</u> factors have been met, prior to making the determination of whether to impose the

4

ultimate sanction of dismissing Davis's case, the Court will enter an order to show cause ordering Davis to notify the Court why his claims should not be dismissed.  If Davis does not respond, his claims will be dismissed.  If he does respond, the Court will then reconsider defendant's motion.

Dated:    April 14, 2008                    s/ Noel L. Hillman

At Camden, New Jersey                       NOEL L. HILLMAN, U.S.D.J.