UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALVIN MCCANN, et al.,
:   Civ. Action No.  07-0052 (NLH)
        Plaintiffs,
:
        v.
:   **OPINION**
:
WINSLOW TOWNSHIP,
        Defendant.
:

**APPEARANCES:**

Alvin McCann
Vanessa McCann
Alvin Bethune
Danita Green
Jazmin Jones

   *All plaintiffs appearing pro se*

Michael O. Kassak, Esquire
David M. Ragonese, Esquire
White & Williams
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002-2220

   *On behalf of defendants*

**HILLMAN**, District Judge

   This matter has come before the Court on defendant's motion to dismiss the claims of Vanessa McCann for lack of prosecution pursuant to Federal Civil Procedure Rule 41(b).

   Plaintiffs, all proceeding *pro se*, filed a complaint against defendant Winslow Township alleging various constitutional violations, including claims of unconstitutional searches and seizures, as well as violations of the plaintiffs' equal

protection rights.  Plaintiffs brought their claims pursuant to 42 U.S.C. § 1983, and they are seeking $350 million dollars in damages.  Plaintiffs also seek to have their case certified as a class action.[1]

By its instant motion, defendant is seeking to dismiss the claims of plaintiff Vanessa McCann because she has failed to appear for three depositions, two of which were court-ordered. On the first occasion, McCann had received written notice of the deposition to be conducted on November 28, 2007, but she failed to advise defendant that she would, or would not, attend. Defendant then moved before the Court to compel the deposition of McCann.  The Court granted this motion, and defendant served upon McCann the Court's Order.  Defendant also served McCann with a second written notice of its intention to take her deposition on February 20, 2008.  McCann failed to appear, and did not advise defendant of another date in which she would be available.

On February 22, 2008, defendant moved to dismiss McCann's claims for failure to prosecute, but during a status conference with the magistrate judge on February 28, 2008, co-plaintiff Alvin McCann, Vanessa's brother, advised that Ms. McCann was out

---

[1] Because plaintiffs have brought claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

of state and was still interested in prosecuting her case. Based on this representation, defendant withdrew its motion to dismiss.

On February 29, 2008, defendant wrote to Ms. McCann to determine her availability for a deposition. Having no response, on March 19, 2008, defendant wrote to Mr. McCann to inquire about his sister's availability. Mr. McCann did not respond. Defendant then moved for a second time to compel the deposition of Ms. McCann. The motion was granted on May 22, 2008, and Ms. McCann was ordered to appear for a deposition no later than June 23, 2008. It was also ordered that if she failed to appear, she would be subject to sanctions, including the possible dismissal of her claim.

On May 29, 2008, defendant served Ms. McCann with written notice of defendant's intention to take her deposition on June 19, 2008. Ms. McCann failed to appear or otherwise contact defendant. Defendant has now moved for dismissal of Ms. McCann's claims for her failure to prosecute her case.

Federal Civil Procedure Rule 41(b) provides,

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

When deciding whether to dismiss an action for failure to prosecute, the Third Circuit has established a list of factors for a court to consider:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
> (3) a history of dilatoriness;
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
> (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Casualty, 747 F.2d 862, 868-69 (3d Cir. 1984). These guidelines, however, "[do] not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation." Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

Even though it appears that Ms. McCann has abandoned her claims and she has chosen not to participate in his case, and even though it appears that several of the Poulis factors have been met, prior to making the determination of whether to impose the ultimate sanction of dismissing Ms. McCann's case, the Court will enter an order to show cause ordering Ms. McCann to notify the Court why her claims should not be dismissed. If Ms. McCann

4

does not respond, her claims will be dismissed.  If she does respond, the Court will then reconsider defendant's motion.

Dated: June 27, 2008                     s/ Noel L. Hillman

At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.