```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

ALVIN MCCANN,                 :    Civ. Action No.  07-0052 (NLH)
et al.,                       :
         Plaintiffs,          :
                              :
         v.                   :    **OPINION**
                              :
WINSLOW TOWNSHIP,             :
                              :
         Defendant.           :

**APPEARANCES:**

Alvin McCann
Vanessa McCann
Alvin Bethune
Danita Green
Jazmin Jones

   *All plaintiffs are appearing pro se*

Michael O. Kassak, Esquire
David M. Ragonese, Esquire
White & Williams
457 Haddonfield Road
Suite 400
Cherry Hill, NJ 08002-2220

   *On behalf of defendants*

**HILLMAN**, District Judge

   This matter has come before the Court on defendants' motions for summary judgment on the claims of plaintiffs Alvin McCann, Jazmin Jones, Danita Green, and Alvin Bethune against defendant Winslow Township.  For the reasons expressed below, defendant's motions will be granted.

## BACKGROUND

Plaintiffs Alvin McCann, Jazmin Jones, Danita Green[1], and Alvin Bethune, all proceeding *pro se*, filed a complaint against defendant Winslow Township alleging various constitutional violations, including claims of unconstitutional searches and seizures, as well as violations of their equal protection rights, regarding motor vehicle stops that occurred on November 30, 2006 and December 29, 2006. Plaintiffs have brought their claims pursuant to 42 U.S.C. § 1983, and they are seeking $350 million dollars in damages.

Defendants have moved for summary judgment on all of plaintiffs' claims. Although late, plaintiffs have opposed defendant's motions.[2]

---

[1]At the time of the alleged incident giving rise to Jazmin Jones's claims, Jones was a minor. Jones's mother, Danita Green, was named as a plaintiff in her capacity as the guardian of her minor child. Green has no independent claims of her own. Because defendant is entitled to summary judgment on Jones's claims, defendant is also entitled to summary judgment on Green's claims.

[2]The oppositions of plaintiffs McCann, Jones, and Green were due June 2, 2008. The opposition of plaintiff Bethune was due June 23, 3008. Plaintiffs did not request an extension or otherwise contact the Court. Plaintiffs' joint opposition was received by the clerk's office on June 24, 2008.

2

**DISCUSSION**

**A.   Jurisdiction**

Because plaintiffs have brought claims pursuant to 42 U.S.C. § 1983 for alleged violations of their constitutional rights, this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331.

**B.   Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and

all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir. 2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**C.   Analysis**

   **1.   *Claims of Alvin McCann and Jazmin Jones***

McCann and Jones's claims arise out of a motor vehicle stop of McCann's van by Winslow Township police officer Robert DiGerolamo. On December 22, 2006, Officer DiGerolamo obtained a search warrant for McCann's van based on the officer's investigation which revealed that there was probable cause to believe that evidence of the possession and distribution of

4

controlled dangerous substances would be found in McCann's van.³ On December 29, 2006, Officer DiGerolamo stopped the van to execute the search warrant. McCann was driving the van, and Jones was a passenger in the front seat.

In the complaint, McCann claims that Winslow Township violated his constitutional rights because (1) "the warrant was prepared before even asking the owner for his consent to search," (2) the warrant was not produced at the scene, but rather at the police department, and (3) the warrant was secured without probable cause. (Compl. at 2.) Jones claims that her constitutional right were violated because she was a minor who was searched by a male officer and questioned without the consent of her mother. (Id.)

In his deposition, McCann testified that he brought his § 1983 claims for the same reasons as stated in his complaint. The record reveals that neither plaintiff registered a complaint with Winslow Township following the search of McCann's vehicle and arrest.

2.  ***Claims of Alvin Bethune***

Bethune's claims arise out of a motor vehicle stop of his car by Winslow Township police officer Robert DiGerolamo. While on patrol on November 30, 2006, Officer DiGerolamo observed

---

³Officer DiGerolamo also received a search warrant for McCann's residence in Winslow Township.

Bethune driving a green vehicle.  From prior police contact, Officer DiGerolamo suspected that Bethune's driver's license was suspended, and he confirmed this suspicion by contacting police dispatch.  Officer DiGerolamo turned around his patrol car and located Bethune in a parking lot of a gas station.  Officer DiGerolamo exited his patrol car and asked Bethune to produce a valid driver's license and proof of registration and insurance.  Bethune told the officer that his license was suspended.

As a result of Bethune's failure to produce a driver's license, Officer DiGerolamo conducted a document search in the glove compartment of Bethune's car.  The officer found a glass pipe containing burnt cocaine residue, and asked Bethune who the pipe belonged to.  Bethune told the officer that it was his pipe.  He was arrested and charged with possession of drug paraphernalia.

In the complaint, Bethune claims that his constitutional rights were violated because Officer DiGerolamo stopped his car without probable cause and because he did not consent to the search.  In his deposition, Bethune testified that he brought his § 1983 claims for the same reasons.  The record reveals that Bethune never registered a complaint with Winslow Township following the search of his vehicle and arrest.

3.  ***Winslow Township's arguments for summary judgment***

Winslow Township has moved for summary judgment on McCann, Jones and Bethune's claims because they have failed to produce

any evidence establishing that Winslow Township had a policy or custom with regard to their allegations, and that without evidence of a policy or custom, Winslow Township cannot be held liable for any constitutional violations.[4]  Winslow Township is correct.

Liability under § 1983 may be imposed on municipalities only where acts of the government employee are deemed to be the result of a policy or custom of the municipality for whom the employee works.  See Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 691 (1978); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003); see also City of Canton v. Harris, 489 U.S. 378, 392 (1989) (holding that a county cannot be subjected to § 1983 liability on a theory of *respondeat superior*).  Municipal liability requires the plaintiff to demonstrate that "'there is a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation.'"  Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir. 2001) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)).  The link between the policy or custom and the injury may not be attenuated or suppositional; the plaintiff must demonstrate that the policymaker's actions "directly caused

---

[4]Winslow Township has also pointed out how plaintiffs' constitutional violation claims substantively fail independent of the requirements for maintaining a claim against a municipality. Even though Winslow Township's arguments appear to be correct, the Court does not need to address those arguments because the analysis of plaintiffs' municipal liability claims is dispositive.

constitutional harm."  Gottlieb ex rel. Calabria v. Laurel Highlands Sch. Dist., 272 F.3d 168, 175 (3d Cir. 2001)

Plaintiffs have failed to provide any evidence that a policy or custom of Winslow Township caused their alleged constitutional deprivations.  Other than a vague allegation that Winslow Township engages in racial profiling, plaintiffs have not even alleged a specific policy or custom in their complaint.  In their opposition to summary judgment, plaintiff again make vague allegations of racial profiling, and they claim that they have data which proves that racial profiling occurs in Winslow Township.  Plaintiffs, however, have failed to provide the Court with that data, and they have failed to articulate or demonstrate what kind of policy Winslow Township employs with regard to this alleged racial profiling.  Conclusory, unsupported statements are insufficient to survive summary judgment.[5]

---

[5] Plaintiffs complain that *pro se* "litigants are often prohibited from [litigating] their cases by what is an obvious bias by our judicial system," and "the bar is set high to deny pro se litigants a conventional trial" because "there lies a silent secret policy between judges and attorneys that make it very difficult for *[pro] se* litigants to get in the door to litigate." (Opp. at 1, 3.)  Even though *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Estelle v. Gamble, 429 U.S. 97, 107 (1976), *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113(1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel....").

Therefore, without any evidence of a policy or custom, plaintiffs' claims against Winslow Township fail.  Accordingly, Winslow Township is entitled to summary judgment on all of the claims of McCann, Jones, Green, and Bethune.

An appropriate Order will be entered.


Dated: July 3, 2008                          s/ Noel L. Hillman

At Camden, New Jersey                        NOEL L. HILLMAN, U.S.D.J.